UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAKIM SPILLER,

           Plaintiff,

v.

TROY CHRISMAN, *et al.*,

           Defendants.

Case No. 24-cv-12148
F. Kay Behm
U.S. District Judge

_____/

## OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO CORRECT DEFICIENCY

Before the Court is Petitioner Hakim Spiller's civil rights complaint filed under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. For the reasons stated below, the complaint is dismissed without prejudice.

On August 26, 2024, Chief Magistrate Judge David R. Grand signed an order of deficiency in this case because Plaintiff had neither paid the filing fee nor moved to proceed *in forma pauperis*. (ECF No. 3.) The order required Plaintiff to file the proper documents or pay the filing fee within thirty days. (*Id.*) The order cautioned that failure to comply would result in dismissal of the case for want of prosecution. (*Id.*)

A prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court must file an affidavit of indigency and a certified

1

copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a).

Plaintiff has submitted an application to proceed without prepayment of fees (ECF No. 4) but has not submitted a certified trust account statement. If an incarcerated person who does not pay the full filing fee fails to provide a certified trust account statement, the district court must notify them of the deficiency, and the incarcerated person will then have thirty days to correct the error or to pay the full filing fee. *Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)). If the prisoner does not correct the deficiency, "'the district court must presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Id.* at 76 (citing *McGore*, 114 F.3d at 605). By not providing the documentation needed to proceed *in forma pauperis* or submitting the filing and administrative fees, Plaintiff failed to comply with the deficiency order.

Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a new civil rights complaint under a new case number provided that he pays the filing and administrative fees or files the necessary documentation to proceed without prepayment of fees.

**SO ORDERED**.

Date: November 14, 2024               s/F. Kay Behm
                                      F. Kay Behm
                                      United States District Judge